IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANDY KAPILA, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-16-1734
:
CRAIG LOWE, ET AL., : (Judge Brann)
:
    Respondents :

**MEMORANDUM**

March 7, 2017

**Background**

    Dandy Kapila filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility, Lords Valley, Pennsylvania. Warden Craig Lowe of the Pike County Correctional Facility was previously deemed to be the only properly named Respondent and service of the petition was ordered.

    Kapila states that he is a native and citizen of the Democratic Republic of the Congo who legally entered the United States in November 2003. Following a criminal conviction for mail fraud and failure to appear in the United States District Court for the District of New Hampshire, he was sentenced on December

1

15, 2014 to a 21 month term of imprisonment.  According to the Petitioner, he was taken into ICE custody on December 23, 2015 upon completion of his federal sentence.

On February 1, 2016, an immigration judge ordered Kapila's removal to either the Democratic Republic of the Congo or Canada but he has remained in ICE custody.   It is alleged that ICE has been unable to timely deport Kapila to either  Democratic Republic of the Congo or Canada .  Petitioner's pending § 2241 petition challenges his indefinite detention pending removal under the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

**Discussion**

On March 2, 2017, Respondent filed a "Suggestion of Mootness."  Doc. 10, p. 1.  The notice states that a Warrant of Removal/Deportation was executed on December 27, 2016 and Petitioner was removed from the United States to the Kingdom of Morocco.  Accordingly, Respondent contends that since the relief sought by Petitioner's pending action can no longer be granted, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v.

Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D. N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As noted above, a submitted copy of a Warrant of removal issued by ICE in Petitioner's case confirms that he was removed from the United States on December 27, 2016.  See Doc. 10-1, p. 3.  Since Petitioner is no longer being detained by ICE, under the principles set forth in Steffel, Kapila's instant petition is subject to dismissal as moot since it no longer presents an existing case or

controversy.  An appropriate Order will enter.


                        BY THE COURT:


                        s/   Matthew W. Brann
                        Matthew W. Brann
                        United States District Judge